John Edward AMES, Plaintiff-Appellant,

v.

G. R. KUEHNLE, M. D., individually and in his capacity as Chief Medical Officer, Louisiana State Penitentiary, Defendant-Appellee.

No. 28787
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 13, 1970.

against the Chief Medical Officer of the Penitentiary in his individual and official capacity, alleging that the prisoner was a citizen of Massachusetts and the defendant doctor was a citizen of Louisiana and the amount in controversy exceeded $10,000.00. The complaint further charged that defendant denied plaintiff proper medical treatment and care under color of prison administrative prerogatives and authority, but with the true intention of imposing a cruel and unusual punishment upon plaintiff in retaliation for plaintiff's report of improper medical procedures followed by the defendant-doctor with regard to other prisoners. Jurisdiction was based upon 28 U.S.C.A. § 1332, 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983.

The defendant-doctor filed a motion to dismiss challenging the amount in controversy, alleging that the State of Louisiana was an indispensable party and that the suit was barred by the Eleventh Amendment. The motion was filed September 10 and heard and sustained in plaintiff's absence on September 19, 1969. No evidentiary showing was made by either party. The plaintiff-prisoner's motion for rehearing, based upon information that the motion had been sustained which he had obtained from a newspaper article, was filed on September 29 and denied the same day.[1]

John E. Ames pro se.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Jack E. Yelverton, Asst. Atty. Gen., Baton Rouge, La., for appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

A prisoner in the State Penitentiary of Louisiana filed a Bill of Complaint

No brief was filed in this court by the defendant-doctor either under the Court's rules or after an express request from the Clerk.

Because the complaint on its face states a cause of action, Pred v. Board of Public Instruction of Dade County, Florida, 415 F.2d 851 (5th Cir. 1969), requires that this cause be

Reversed and remanded.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I; and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part. I.